

**THE CITY OF NEW YORK**

| | | |
|---|---|---|
| **JAMES E. JOHNSON**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **SHERRILL KURLAND**<br>*Senior Counsel*<br>Phone: (212) 356-2605<br>E-mail: skurland@law.nyc.gov |

December 2, 2019

**BY ECF FILING**

Hon. George B. Daniels
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007
Fax: (212) 805-6737

> Re:  <u>Eastern Paralyzed Veterans Association v. City of New York</u>
> 94 CV 00435 (GBD)
> <u>Center for the Independence of the Disabled, et al. v. City of New York</u>, 14
> CV 5884 (GBD)
> Defendant's Proposed Candidates for the Monitor Position

Honorable Judge Daniels:

This office represents the City of New York ("City"), the Defendant in the above-captioned settled actions. This letter motion is to request that the Court appoint one of the three (3) candidates identified below to the position of Monitor as provided in the Settlement Agreement and Release of Claims So-Ordered on March 19, 2019 ("Settlement Agreement").

Since the granting of Final Approval, the Defendant has searched for, and reviewed numerous potential candidates for the Monitor position. In addition, the Defendant has exchanged the names of, and has engaged in discussion about, various potential candidates with Class Counsel for Plaintiffs, however the parties have been unable to agree upon the name of a candidate for the Monitor position. Section 22.2.2 of the Settlement Agreement, which provides the process for selection of the Monitor, specifies that in the event that the parties cannot agree on a candidate: "… upon notice to the other Party, the Plaintiff Class and the Defendant may

each submit to the District Court the names and qualifications of up to three (3) proposed Monitors. Both Parties shall have three weeks to submit comments to the Court concerning any or all of the proposed candidates, and the Court will thereafter select a Monitor from the names provided."

Section 22.2.1 of the Settlement Agreement sets out the qualifications for the Monitor. The minimum requirement for the Monitor is that "The Monitor will be a New York State licensed Professional Civil Engineer…". Section 22.2.1 also sets out various qualities for a Monitor that the respective parties prefer, although they are not requirements for the position. Section 22.2.1 states, in relevant part, that "Plaintiffs maintain that a qualified candidate is one who has experience evaluating or assisting public entities regarding accessibility and who is knowledgeable of current federal accessibility standards. Defendants maintain that a qualified candidate is one who possesses a minimum of ten (10) years of experience working on real estate development projects within New York City or infrastructure projects involving public utilities with facilities located under or above ground in New York City." After careful consideration of all of those provisions, the Defendant submits the names of three candidates, in the following order of preference:

1. <u>Jensen Hughes Engineering, P.C.</u>

- This firm is the only candidate identified during the search that has both a professional engineer license in New York State with significant civil engineering experience, and substantial experience conducting Americans with Disability Act ("ADA") compliance assessments.
- Jensen Hughes offers as the project manager Kelly Hang, who is an accessibility specialist who has served in monitor-like roles including one for the California Department of Transportation. In addition, Ms. Hang conducted an ADA compliance assessment in a court case challenging accessibility of the New York Police Department station houses, serving as an expert witness for DRA, Plaintiff's attorney in that case (co- class counsel for Plaintiff Class in the instant case).
- While Kelly Hang is not an engineer, Jensen Hughes is a large firm which has civil engineers who would be part of the team and/or readily available for consulting. Moreover, the firm has committed to hire a New York State licensed Professional Engineer, with a civil engineering background, meeting the qualifications and expectations for this program, who will consistently be involved in engineering matters related to this case.
- The Jensen Hughes firm also has experience working on New York City infrastructure and the challenges inherent in doing work in New York City streets.
- Exhibit A hereto includes more detailed information about the Jensen Hughes firm and printouts from the New York State Division of licensing that verify some of the engineering licenses of the firm.

2. <u>Steven Winters Associates</u>

- The Steven Winters firm has extensive experience with ADA compliance reviews, including serving as an impartial consultant in litigation involving the City of Baltimore public rights of way including pedestrian ramps, and the New York City Department of Homeless Services.
- This firm holds an engineering license in New York State, although the firm is primarily steeped in architecture (along with a mechanical engineering background). However, the firm has committed to hiring a New York licensed civil engineer who will work under the direction of, and in partnership with their accessibility team to carry out the tasks required of the Monitor, if appointed.
- Steven Winters Associates is a locally based firm with substantial experience dealing with New York City infrastructure.
- Exhibit B hereto includes more detailed information about the Steven Winters firm, and a printout from the New York State Division of licensing that verifies the engineering and architecture license of the firm.

3. <u>Harold Fink, P.E.</u>

- Mr. Fink is a Retired former Deputy Chief Engineer for the New York State Department of Transportation and a licensed professional engineer in New York State.
- Mr. Fink has overseen large-scale engineering projects in New York City that have included ADA mandated components; including pedestrian ramps.
- Mr. Fink expressed the likelihood that he would bring on assistance if selected as Monitor.
- Mr. Fink is locally based and has substantial experience within New York City and with infrastructure projects involving public utilities with facilities located under or above ground in New York City.
- Exhibit C hereto includes more detailed information about Mr. Fink and a printout from the New York State Division of licensing that verifies his professional engineering license.

All three candidates meet the minimum requirements for appointment to the Monitor position. In addition, the first two candidates identified above satisfy the preferred qualifications designated in the Settlement Agreement by both parties. (*Settlement Agreement, Section 22.2.1.*) Thus Defendant respectfully requests that this Court appoint one of the three (3) candidates identified above to the position of Monitor as provided in the Settlement Agreement.

Defendant respectfully requests that at this time the Parties be permitted three weeks (until December 23, 2019) to submit comments to the Court concerning any or all candidates proposed, prior to the Court's selection of the Monitor, in accordance with the Settlement Agreement at Section 22.2.2.

Should the Court have any questions or require additional information, please do not hesitate to contact me.  We thank the Court for its consideration.

Respectfully submitted,

Sherrill Kurland
Senior Counsel

cc:    **BY ECF FILING**
       Class Counsel

4