UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CENTER FOR INDEPENDENCE OF THE
DISABLED, NEW YORK,
a nonprofit organization, et al.

        Plaintiffs,

    -against-                              **ORDER**
                                          14 CV 5884 (GBD) (KNF)
THE CITY OF NEW YORK, et al.,

        Defendants.
------------------------------------------------------------X
------------------------------------------------------------X
EASTERN PARALYZED VETERANS
ASSOCIATION,

        Plaintiff,

    -against-                              **ORDER**
                                          94 CV 435 (GBD) (KNF)
THE CITY OF NEW YORK,

        Defendant.
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

       The parties to the above-captioned actions resolved their disputes through a settlement agreement, see Docket Entry No.213 and Docket Entry No. 221 in the respective cases. The settlement agreement was approved by the assigned district judge on July 23, 2019. See Docket Entry No. 217 and Docket Entry No.226 in the respective cases. Section 22.1 of the settlement agreement provides that there shall be a "Monitor to oversee, but not manage the City's compliance with this settlement agreement." The minimum requirement for serving as the Monitor is set forth in Section 22.2 of the settlement agreement. That section of the agreement states that the "Monitor will be a New York State licensed Professional Civil Engineer selected jointly by the Parties or, if the Parties cannot agree on a Monitor, by the Court."

       The parties could not agree upon a monitor; therefore, they proposed monitor candidates to the assigned district judge and presented him with information concerning the backgrounds and professional experiences of their proposed candidates. The assigned district judge referred

the parties' controversy over the selection of the Monitor to the undersigned for resolution. The Court reviewed the parties' submissions concerning the monitor candidates. The Court observed that several of the candidates proposed by the parties did not meet the minimum requirement to serve as the Monitor set forth in Section 22.2 of the settlement agreement. The Court shared this observation and others with the parties, during a conference it held with them on February 11, 2020. Failure to meet the minimum requirement for the Monitor position eliminated the candidate from consideration for appointment by the Court.

Based on the Court's review of the materials submitted respecting the candidates eligible for appointment as the Monitor, the Court has determined to appoint Harold Fink, P.E. ("Fink") as the Monitor. It appears to the Court that Fink's experience, knowledge, skills and abilities will enable him to perform the monitoring assignment contemplated by the parties' settlement agreement efficiently and economically. The parties shall serve Fink expeditiously with a copy of this order appointing him to the position Monitor, and shall file proof of service with the Clerk of Court. This order resolves Docket Entry No. 236 in the case bearing Docket No. 94-CV-435.

Dated:  New York, New York         SO ORDERED:
        July 5, 2020

_____
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE