UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

EASTERN PARALYZED VETERANS
ASSOCIATION n/k/a UNITED SPINAL
ASSOCIATION,

                        Plaintiffs,

              -against-

THE CITY OF NEW YORK,

                        Defendant.

**ORDER OF APPOINTMENT OF MONITOR**

94 CV 0435 (GBD) (KNF)

FEB 03 2022

---

CENTER FOR INDEPENDENCE OF THE
DISABLED, NEW YORK, et al.,

                        Plaintiffs,

              -against-

THE CITY OF NEW YORK, NEW YORK
CITY DEPARTMENT OF
TRANSPORTATION, et al.,

                        Defendants.

14 CV 5884 (GBD) (KNF)

**WHEREAS,** the parties to these actions entered in a Settlement Agreement and Release of Claims on behalf of themselves and the Certified Class members, which was So-Ordered by the Court (Hon. George B. Daniels, U.S.D.C.) on March 13, 2019 (the "Settlement Agreement") and finally approved by the Court on July 23, 2019 (Docket No. 226); and

**WHEREAS,** pursuant to the Settlement Agreement "[t]o ensure full, effective and adequate implementation of the terms of this Settlement Agreement, the Court will appoint a Monitor to oversee, but not manage, the City's compliance with this Settlement Agreement by assessing (i) the City's compliance with Survey requirements described in Section 9; (ii) the methodology for classification of Complex Corners; (iii) the classification of specific Complex Corners through a sampling of up to five percent (5%) of the newly classified corners within one six-month period; (iv) the schedule and completion dates for the installation and Upgrade of pedestrian ramps as detailed in Section 11; (v) the pedestrian ramp ongoing maintenance program as detailed in Section 12; (vi) the pedestrian ramp resurfacing program as detailed in Section 13; and (vii) the pedestrian ramp Complaint program as detailed in Section 14[.]"; and

**WHEREAS** Harold I. Fink, a New York State licensed Professional Civil Engineer, possesses the qualifications required to serve as Court Monitor as described in the Settlement Agreement, and there are no grounds for disqualification of Mr. Fink under 28 U.S.C. § 455; and

**WHEREAS,** in accordance with Section 22 of the Settlement Agreement, this Court has appointed Harold I. Fink as the Monitor of the Settlement Agreement ("Monitor") by Order dated July 5, 2020 (Hon. Kevin Nathaniel Fox, M.J.) ("July 5, 2020 Order"); and

**WHEREAS,** in accordance with the July 5, 2020 Order, a copy of that Order was served on Harold. Fink on July 7, 2020, and proof of service was subsequently filed with the Clerk of Court;

## NOW, IT IS HEREBY ORDERED THAT:

### A. Duties of the Monitor

1. The Monitor shall oversee, but not manage, the City's compliance with this Settlement Agreement by assessing the following:

   (i) the City's compliance with Survey requirements described in Section 9 of the Settlement Agreement;

   (ii) the methodology for classification of Complex Corners;

   (iii) the classification of specific Complex Corners through a sampling of up to five percent (5%) of the newly classified corners within one six-month period;

   (iv) the schedule and completion dates for the installation and Upgrade of pedestrian ramps as detailed in Section 11 of the Settlement Agreement;

   (v) the pedestrian ramp ongoing maintenance program as detailed in Section 12 of the Settlement Agreement;

   (vi) the pedestrian ramp resurfacing program as detailed in Section 13 of the Settlement Agreement; and

   (vii) the pedestrian ramp Complaint program as detailed in Section 14 of the Settlement Agreement;

2. The Monitor will conduct semi-annual reviews for the first five (5) years of his or her term, and annual reviews thereafter of the City's compliance with the Settlement Agreement's requirements, including those relating to the Surveys described in Section 9, installation or Upgrades of pedestrian ramps described in Sections 11 and 13, the maintenance of pedestrian ramps described in Section 12, and the pedestrian ramp Complaint program described in Section 14 of the Settlement Agreement. Within 30 days of the annual review, the Monitor will report the assessment of compliance to Defendants' Counsel, Class Counsel and the Court.

3. If the Monitor believes that the City is not in compliance with any material term of the Settlement Agreement within the parameters set forth in Section 22.1, or anticipates that the City will fail to comply with any such term, the Monitor will promptly provide written notice of deficiency or anticipated deficiency ("Deficiency Notice") to Defendants' Counsel and to Class Counsel in accordance with the Settlement Agreement. The Deficiency Notice will identify with reasonable particularity ways in which the City's Compliance is deficient in accordance with the Settlement Agreement. In his or her reasonable discretion, in accordance with the Settlement Agreement, the Monitor may also in the Deficiency Notice recommend a corrective action or other plan for the City to achieve compliance.

### B. Access to Information

4. The Monitor shall have access through the New York City Department of Transportation Associate Deputy Commissioner and /or his or her designee, to relevant non-privileged information and documents as requested and necessary to assess compliance with the Settlement Agreement consistent with the parameters set forth in paragraph one above, and subject to the terms of this Order.

### C. Timetable

5. The Monitor shall proceed with all reasonable diligence, as required by Fed. R. Civ. P. 53(b)(2).

### D. Recordkeeping

6. The Monitor shall maintain records of all sources of information that he considers, including documents reviewed and persons interviewed. The Monitor shall preserve any documents the Monitor receives from the parties.

7. The Monitor shall maintain records of all time spent on the assignment, identifying tasks performed in quarter hour increments. He shall also maintain records, including receipts, for costs and expenses incurred.

### E. Budget, Compensation, and Expenses

8. The City of New York shall fund the Monitor's work pursuant to a budget proposed by the Monitor. The Monitor shall incur only such fees and expenses as may be reasonably necessary to fulfill the Monitor's duties under this Order, or such other orders as the court may issue.

9. The Monitor's professional fees will be billed at the rate of $150 per hour, which includes the Monitor's overhead and fixed expenses, and this hourly rate will not decrease or increase during his engagement as Monitor. The City also will be responsible to reimburse the Monitor for such other expenses reasonably incurred in connection with his duties as Monitor. The Monitor projects that his work will take a maximum of 600 hours per year. Compensation for any work by the Monitor in excess of 600 hours per year must be authorized by Court Order.

10. The Monitor may perform his or her duties through the professional corporation H FINK ENGINEERING PLLC, so long as it is, and remains, licensed through the State of New York, and provided that the Monitor's professional engineering license is associated with, and remains associated with, that professional corporation. The Monitor may also bill and request payment in the name of that professional corporation, provided that tax EIN number and a Substitute W-9 form have been provided to the City at least sixty (60) days prior to the billing statement.

11.     Every sixty (60) days, the Monitor shall submit to the parties an itemized billing statement of hourly billing and expenses. By this Order, the Court directs the City of New York to pay the initial itemized billing statement within sixty (60) calendar days, and subsequent itemized billing statements within thirty (30) calendar days of receipt of the statements. The exception is for specific amounts reasonably disputed by the City by letter to the Monitor and Class Counsel dated within two (2) weeks after receipt by the City of the itemized billing statement. The parties and Monitor shall expeditiously attempt to resolve the City's dispute informally, and the City is hereby directed to pay the amounts agreed upon as a result of those informal discussions within thirty (30) calendar days of such agreement. If the dispute cannot be resolved through informal discussions, the dispute will be resolved by the Court.

12.     Within sixty (60) days after the Court has signed this order, the Monitor may submit to the parties an itemized billing statement of the hourly billing and expenses that have been incurred by the Monitor in this matter commencing on the date of the July 5, 2020 Order through the date that the instant Order of Appointment is signed by this Court. By this Order, the Court directs the City of New York to pay the itemized billing statement within sixty (60) calendar days. The exception is for specific amounts reasonably disputed by the City by letter to the Monitor and Class Counsel dated within four (4) weeks after receipt by the City of the itemized billing statement. The parties and Monitor shall expeditiously attempt to resolve the City's dispute informally, and the City is hereby directed to pay the amounts agreed upon as a result of those informal discussions within thirty (30) calendar days of such agreement. If the dispute cannot be resolved through informal discussions, the dispute will be resolved by the Court.

### F. Engagement of Professionals, Support Staff, and Expert Consultants

13. If the Monitor determines that the efficient administration of his duties requires the assistance of additional technical professionals, or expert consultants, he may retain such a professional(s) for a maximum of 300 hours per year which may be billed at a maximum rate of $150 per hour, including overhead and fixed expenses. Compensation for any assistance provided to the Monitor that is performed by technical professionals or expert consultants in excess of 300 hours per year or at a rate in excess of $150 per hour must be authorized by Court Order. Itemized billing statements for such expenses shall be submitted to the City of New York for processing and payment in accordance with paragraphs 10 and 11, above.

### G. Term of Monitor

14. This appointment shall last for the later of : (i) a period of fifteen (15) years from the date of this order; or (ii) until the City completes all installations of pedestrian ramps at Standard Corners and Complex Corners that were identified in the initial Survey as detailed in Sections 9.1 through 9.3.1 of the Settlement Agreement as well as all Upgrades of pedestrian ramps at Standard Corners that were identified in the Initial Survey as detailed in Section 9.1 through 9.3.1 of the Settlement Agreement, and as required by the Settlement Agreement.

15. The Monitor appointment may be extended if the City is not in substantial compliance with any material part of the Settlement Agreement. Such an extension may be made upon agreement of the parties subject to Court approval. If the parties are unable to agree on whether or not an extension of the Monitor term is warranted pursuant to the terms of the Settlement Agreement, and/or upon the terms of such extension, the parties may submit the issue(s) to the Court for resolution in accordance with the terms of the Settlement Agreement.

16. In the event that prior to the expiration of the term of the appointment, the Monitor resigns from or becomes unable to fulfill the term of the appointment, a successor Monitor will be selected and appointed pursuant to Section 22.2.3 of the Settlement Agreement through the procedure set forth in Section 22.2.2 of the Settlement Agreement.

17. The appointment of a successor Monitor shall be effective only upon an order of this Court.

**H.    Other Provisions**

18. As an agent and officer of the Court, the Monitor and those working at his or her direction shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial adjuncts performing similar functions.

So Ordered:

*George B. Daniels*

Honorable George B. Daniels
United States District Judge

Dated: FEB 0 3 2022